IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BLUEFIELD DIVISION

MARQUIS ANTHONY NELSON,

          Petitioner,

v.                                  CIVIL ACTION NO. 1:15-cv-13059
                                  (Criminal No. 1:08-cr-00058)

UNITED STATES OF AMERICA,

          Respondent.

**MEMORANDUM OPINION AND ORDER**

The Court has reviewed the Petitioner's *Motion Under 28 U.S.C. §2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody* (Document 88) and all motions contained therein, the Magistrate Judge's *Proposed Findings and Recommendation* (PF&R) (Document 94), and the Petitioner's *Objection* (Document 95). After careful consideration, the Court finds that the Magistrate Judge's PF&R should be adopted, and the Petitioner's *Objection* overruled.

**PROCEDURAL HISTORY**

The Magistrate Judge set out in comprehensive detail the facts surrounding the Petitioner's 2010 conviction for Possession with Intent to Deliver a Quantity of Cocaine Base, in violation of 21 U.S.C. §841(a)(1), and the Petitioner's appeal to the Fourth Circuit. The Court hereby adopts those facts for purposes of analyzing the Petitioner's Section 2255 motion.

1

The present case began when the Petitioner filed three separate post-appeal Motions in this Court.  On January 9, 2015, the Petitioner filed his *Motion of Ineffective Assistance of Counsel for Appellate Counsel Jonathan D. Byrne* (Document 69).   On January 12, 2015, he filed his *Motion of Ineffective Assistance of Counsel Against Federal Public Defender Office and Christian M. Capece* (Document 71).  Finally, on May 21, 2015, the Petitioner filed his *Motion for Judge Irene C. Berger to Acknowledge Judicial Error – Violation of Defendant's Constitutional Right to Appeal* (Document 81).  These motions sought relief on various claims of ineffective assistance of trial and appellate counsel, and acknowledgement of judicial error by this Court.

On September 10, 2015, Magistrate Judge VanDervort informed the Petitioner of his intention to characterize these motions as a Section 2255 Motion, pursuant to United States v. Emmanuel, 288 F.3d 644 (4th Cir. 2002).   The Magistrate Judge also ordered the Petitioner to inform him in writing if the Petitioner objected to the re-characterization of his motions.  (PF&R, at 4.)  The same day, the Magistrate Judge entered an Order (Document 86) directing the Clerk of the Court to open a new file indicating the Petitioner had filed a motion under Section 2255, and to include a copy of Documents 69, 71 and 81 as a combined motion under Section 2255.   On September 18, 2015, the Petitioner responded to the Magistrate Judge's *Order* of September 10, 2015, and claimed that he "d[id] not understand" the Magistrate Judge's "attempt to recharacterization[sic]" of his motions. (Letter, at 1.)  (Document 91.)  The Petitioner expressly disclaimed filing a Section 2255 motion, denied the Magistrate's "attempt to re-characterize" his motions, and stated that he did not "have access to a law library to research or obtain legal advise[sic]" on whether the re-characterization would be beneficial or harmful." (*Id*. at 1-2.)   The Petitioner subsequently filed his amended *Motion of Ineffective Assistance of Counsel Against*

2

*Appellate Counsel Jonathan D. Byrne* (Document 92), where he raised additional claims of ineffective assistance of counsel.

On October 2, 2015, the Magistrate Judge issued his PF&R, wherein he recommended that the Court deny the Petitioner's various motions, and remove this matter from the docket. Specifically, the Magistrate Judge recommended dismissal because the Petitioner having brought his claims for relief under 18 U.S.C. §3582(c),[1] rather than under 28 U.S.C. §2255, his request for modification of his sentence was improper. (PF&R, at 5-6.) On October 16, 2015, the Petitioner timely filed his *Objection* to the Magistrate Judge's PF&R. The case is, therefore, ripe for review.

## STANDARD OF REVIEW

When reviewing a Magistrate Judge's proposed findings and recommendations, this Court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C). However, the Court

---

[1] Section 3582(c) provides that:
"The court may not modify a term of imprisonment once it has been imposed except that–(1) in any case–(a) the court, upon motion of the Director of the Bureau of Prisons, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent they are applicable, if it finds that–(i) extraordinary and compelling reasons warrant such a reduction; or (ii) the defendant is at least 70 years of age, has served at least 30 years in prison, pursuant to a sentence imposed under Section 3559(c), for the offense or offenses for which the defendant is currently imprisoned, and a determination has been made by the Director of the Bureau of Prisons that the defendant is not a danger to the safety of any other person or the community, as provided under section 3142(g); and that such a reduction is consistent with the applicable policy statements issued by the Sentencing commission; and (B) the Court may modify an imposed term of imprisonment to the extent otherwise permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure; and (2) in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the Defendant of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission. 18 U.S.C. §3582(c).

is not required to review, under a de novo or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed. *Thomas v. Arn*, 474 U.S. 140, 150 (1985). In addition, this Court need not conduct a de novo review when a party "makes general and conclusory objections that do not direct the Court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir.1982). When reviewing portions of the PF & R de novo, the Court will consider the fact that Petitioner is acting *pro se*, and his pleadings will be accorded liberal construction. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Loe v. Armistead*, 582 F.2d 1291, 1295 (4th Cir.1978).

## DISCUSSION

The Petitioner objects to the Magistrate Judge's recommendation on multiple grounds. However, none of these grounds address the legal basis for the Magistrate Judge's recommendation that collateral attacks on a prison sentence by an inmate in federal custody must be brought under 28 U.S.C. §2255. Here, the Petitioner expressly denied the Magistrate Judge's request to characterize his motions as a Section 2255 petition. Because the Petitioner is acting pro se, the Court must construe his pleadings liberally. However, "[l]iberal construction does not require courts to construct arguments or theories for a *pro se* plaintiff because this would place a court in the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Miller v. Jack*, 2007 WL 2050409, at * 3 (N.D.W.Va.2007) (citing *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir.1978)). In other words, a court may not construct legal argument for a plaintiff. *Small v. Endicott*, 998 F.2d 411 (7th Cir.1993).

The Magistrate Judge in this case correctly found that an inmate in federal custody may only bring a collateral attack on the legality of his detention or sentence under 28 U.S.C. §2255.[2] The Magistrate Judge was also correct that the Petitioner failed to comply with this requirement, and instead sought relief under 18 U.S.C. §3582(c), which allows post-conviction reductions for various reasons, including the age and health of the inmate, substantial assistance to the Government, or retroactive reductions in the sentencing guidelines. Given the Petitioner's objection to the re-characterization of his motion as a Section 2255 petition, the Court is not empowered to restructure the Petitioner's motion. Nor does the Petitioner qualify for relief under Section 3582(c). The Director of the Bureau of Prisons has not requested that the Petitioner's sentence be reduced pursuant to Section 3582(c)(1), the United States has not filed a motion seeking to reduce the Petitioner's sentence for substantial assistance pursuant to Section 3582(c)(1)(B), and no retroactive amendment to the United States Sentencing Guidelines has lowered the Petitioner's sentencing range. The Magistrate Judge correctly determined that none of the circumstances set forth in section 3582(c) applied to the Petitioner, and therefore, was correct in recommending that this Court deny the Petitioner's motions.

---

[2] The Magistrate Judge was also correct in finding that, even if the Petitioner's motions were properly raised as a petition under Section 2255, the petition would likely be denied as untimely. (PF&R, at 6 n.3.) The Petitioner's conviction became final on September 13, 2010, when the Petitioner failed to file a timely appeal of his sentence to the Fourth Circuit. The Petitioner's first motion in the present action was filed on January 9, 2013, nearly twenty-eight months after his conviction was final. 28 U.S.C. §2255(f) establishes a one-year limitations period for Section 2255 motions, running "from the latest of (1) the date on which the judgment of conviction becomes final; (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if movant was prevented from making such a motion by such governmental action; (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. §2255(f). Even if the Court were able to construe the Petitioner's motions as a Section 2255 petition, the petition would likely be untimely under each of these provisions. The Magistrate Judge was also correct that the Plaintiff's filing of a motion to reduce his sentence under 18 U.S.C. §3582(c), and the Court's denial of said motion on April 13, 2012, did not toll the statute of limitations period under Section 2255. (PF&R, at 6 n.3.)

5

## CONCLUSION

Wherefore, after careful consideration, the Court **ORDERS** that the *Proposed Findings and Recommendation* (Document 94) be **ADOPTED**, that the Petitioner's *Objection* (Document 95) be **OVERRULED**, and that the *Motion Under 28 U.S.C. §2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody* (Document 88), and all motions aggregated thereunder, including the *Motion of Ineffective Assistance of Counsel for Appellate Counsel Jonathan D. Byrne* (Document 69), *Motion of Ineffective Assistance of Counsel Against Federal Public Defender Office and Christian M. Capece* (Document 71), and *Motion for Judge Irene C. Berger to Acknowledge Judicial Error – Violation of Defendant's Constitutional Right to Appeal* (Document 81), be **DENIED**.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and to any unrepresented party.

ENTER:   March 7, 2016

*[Signature]*
IRENE C. BERGER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF WEST VIRGINIA

6